## Commonwealth v. Smith

*John D. Gresimer*, District Attorney, for Commonwealth.

*Joseph J. Malizia*, for defendant.

TRAMBLEY, P. J., April 14, 1961.—This matter is before the court on a motion to quash the indictment in the above-entitled case. Defendant is charged with driving a motor vehicle after his license had been suspended and before his operating privileges had been restored.

The facts, insofar as relevant and as admitted for the purpose of this motion, are that the car was being propelled by another vehicle and that defendant was steering it but that there was no motor in the car at the time of the commission of the alleged violation. We do not find that this exact question has heretofore been passed upon by our courts nor does the vehicle code in so many words solve the problem. However, there have been cases decided which provide some guidance as to the proper construction to be given to the definition

of a "motor vehicle" as defined in the motor vehicle code.

In the case of Commonwealth v. Riehl, 23 D. & C. 110 (1935), it was held that where a man under the influence of intoxicating liquor is seated at the wheel of an automobile with the motor not running and is merely guiding the car while it is being pushed from the rear by another car, he is guilty of operating a motor vehicle while under the influence of liquor under section 620 of The Vehicle Code of May 1, 1929, as amended by the Act of June 22, 1931, P. L. 751. This case further held that the test of the meaning of words in a statute is the meaning of the words "in common parlance." See also the case of Commonwealth v. Westhafer, 70 D. & C. 137.

The case which, from our research, comes closest to the instant case and which we think is based on sound reason and good logic is the case of Commonwealth v. Dyer, 73 D. & C. 199. In that case, defendant's car was being pushed on a public street or highway because the owner could not get it started. The reason that it would not start was because the coil wire and ignition wire had been removed. Defendant did not know of the removal of the wires until sometime after his arrest.

Defendant moved for a new trial in that case after conviction by a jury, contending that since the automobile was not selfpropelled and was incapable of selfpropulsion at the time he was engaged in steering it, it was not a "motor vehicle" within the meaning of the Act of Assembly. In that case the court said:

" 'The term "self-propelled," as used in The Vehicle Code, is descriptive of the type of vehicle, rather than the use that is being made of such vehicle at a particular time.

" 'At the time the car was being towed it was incapable of being propelled under its own power. But

a motor vehicle does not cease to be such at the instant its motor becomes incapable of operation. A car without an ignition key, or with no gas in the tank, or with a dead battery, or a blown fuse, or a burned wire, or a broken block does not lose its identity as a motor vehicle. The legislature did not intend to make a motor vehicle chameleonic.'

"Quoting from a Vermont case, the court further said (pp. 139, 140):

" ' "Manifestly it was the design, mechanism and construction of the vehicle, and not its temporary condition, that the legislature had in mind when framing the definition of a motor vehicle. Neither the authorities nor sound logic admit of a different conclusion." ' "

The court in the Dyer case, supra, also based its opinion to some extent on the case of Commonwealth v. Westhafer, supra. We are of the opinion that the reasoning in both cases is sound and that the defendant in this case was guilty of the violation charged in the indictment.

The court, therefore, makes the following

*Order*

Now, April 14, 1961, for the reasons above set forth the motion to quash the indictment filed by defendant in this case is hereby refused and the District Attorney of Cameron County is hereby authorized and empowered to proceed with the prosecution of this case.